**GREENBERG TRAURIG, LLP**
IAN C. BALLON (SBN 141819)
LORI CHANG (SBN 228142)
JUSTIN A. BARTON (SBN 288194)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  ballon@gtlaw.com; changl@gtlaw.com; bartonju@gtlaw.com

Attorneys for defendant Crunch San Diego, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN MARKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRUNCH SAN DIEGO, LLC,<br><br>Defendant. | CASE NO. 14-CV-0348-JAH-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRUNCH SAN DIEGO, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed Concurrently With:  Notice of Motion and Motion; Statement of Undisputed Material Facts; and Declarations of Wais Asefi, John Romeo, and Lori Chang]<br><br>Date:	July 28, 2014<br>Time:	2:30 p.m.<br>Judge:	Hon. John A. Houston<br>Courtroom:	13B<br>Date Filed:	February 14, 2014 |

## I. INTRODUCTION

This is not a case that seeks to vindicate consumer rights against harassing calls made by a telemarketer to random individuals. Rather, the plaintiff Jordan Marks and his lawyers have filed an opportunistic putative class action against Crunch San Diego, LLC ("Crunch") for allegedly sending three text messages to the plaintiff after he signed up for a gym membership with Crunch. *See* Compl. ¶¶ 10-16. Taking the complaint at face value, all that occurred were 3 allegedly unwanted text messages sent to the plaintiff and on that basis, the plaintiff and his lawyers seek to recover uncapped statutory damages under the Telephone Consumer Protection Act ("TCPA"). However, Crunch is entitled to summary judgment for the simple reason that the text messages were not sent using an "automatic telephone dialing system" ("ATDS"), which the TCPA specifically defines as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The platform used by Crunch to send the alleged texts is a web-based software application that only allows users to send text messages to specific, identified phone numbers inputted into the platform and cannot be used to send texts to random or sequentially generated phone numbers. It is simply not possible for the platform to generate phone numbers, and the platform lacks the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Therefore, plaintiff cannot establish a critical element of his claims under the TCPA because the platform used to send the alleged texts is not an ATDS within the meaning of the statute. *See* 47 U.S.C. § 227(a)(1) and (b)(1)(A).

Moreover, plaintiff's allegation that the system used by Crunch has the capacity to send text messages "from a list of telephone numbers automatically and without human intervention" (Compl. ¶ 20), is immaterial and unsupported by the statutory definition of an ATDS which the Ninth Circuit has held to be "clear and unambiguous." *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951(9th Cir. 2009). Plaintiff's attempt to broaden the definition of ATDS beyond the plain terms of the statute has

already been rejected by a recent decision following *Satterfield*. *See Dominguez v. Yahoo! Inc.*, __F. Supp. 2d__, 2014 WL 1096051, at *4-5 & n.6 (E.D. Pa. March 20, 2014) (stating that the statutory requirements of an ATDS "require more than simply that the system store telephone numbers and send messages to those numbers without human intervention"). The outcome in this case should be no different.

Accordingly, because the platform used by Crunch lacks the requisite capacity under 47 U.S.C. § 227(a)(1) to store or produce phone numbers to be called using a random or sequential number generator, and to dial such numbers, the alleged texts were not sent using an ATDS and Crunch is therefore entitled to summary judgment as a matter of law.

## II.  STATEMENT OF FACTS

Crunch operates fitness clubs and like many businesses these days, uses a third party mobile marketing company to send promotional text messages to its members and prospective customers. *See* Declaration of John Romeo ("Romeo Decl.") ¶¶ 2-4. In this case, the alleged texts were sent to the plaintiff via a technology platform provided by Textmunication, Inc. ("Textmunication"). *See id.*, ¶ 4.

Textmunication's platform does not employ an "automatic telephone dialing system" ("ATDS"), as defined by the TCPA. The platform is a web-based software application, not a telephone system, and does not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to call those numbers. *See* Declaration of Wais Asefi ("Asefi Decl.") ¶¶ 4-7. Textmunication's customers like Crunch use the platform by manually logging into Textmunication's website to create the message, designate the specific phone numbers to which the message will be sent, and then select the date and time the message will be sent. *See id.*, ¶ 7. Textmunication's platform cannot on its own generate telephone numbers to receive text messages. *Id.* ¶ 6. Rather, the platform can only be used to send text messages to specific, identified phone numbers that were inputted into the platform by a Textmunication customer (or person authorized by a Textmunication customer), like

Crunch, or by an individual who directly inputs his or her phone number via text or an online form. *See id.*, ¶ 5.  There are only three ways a telephone number can be inputted into Textmunication's platform:  (1) when a customer or other authorized person manually uploads telephone numbers onto the platform; (2) when an individual sends a text to a customer such as Crunch in response to a specific marketing campaign;[1] and (3) when an individual manually inputs a phone number into an online consent form displayed on a customer's website and linked to Textmunication's platform. *See id.*, ¶ 5.

Even if a customer like Crunch wanted to do so, it would not be able to use the platform to send text messages to random or sequential phone numbers. *See id.*, ¶ 6.  For example, a customer cannot use Textmunication's platform to send messages to random or sequential phone numbers within a specified area code or geographic location, or to send messages to sequential blocks of phone numbers such as (111) 111-1111, (111) 111-1112, (111) 111-1113, and so on. *Id.*, ¶ 6.  Textmunication's platform cannot be used to generate phone numbers on its own in any way, and can only be used to send messages to specific phone numbers inputted by an authorized person or when a consumer provides a phone number directly by sending a keyword text to opt in to receiving text messages or by manually inputting a number via an online form. *Id.*

In short, it is simply not possible to use Textmunication's platform to generate random or sequential telephone numbers or to send messages to random or sequential telephone numbers.

### III. ARGUMENT

#### A. Legal Standard

A summary judgment motion is intended "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Federal Rule of Civil Procedure 56(a) provides that a

---

[1] Phone numbers can be inputted into the platform when a consumer responds to a specific marketing campaign (also referred to as a "call to action") by texting a keyword associated with the campaign to a "short code" assigned to a customer like Crunch.  Asefi Decl. ¶ 5.

court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, not every factual dispute defeats summary judgment; the requirement is that "there be no genuine issue of *material fact*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248.

**B.     Crunch Is Entitled To Summary Judgment Because The Alleged Texts Were Not Sent Using An ATDS**

Summary judgment is warranted in this case because the alleged texts at issue were not sent using an ATDS.

The TCPA prohibits any person from making

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . .
>
> (iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

47 U.S.C. § 227 (b)(1)(A).

The TCPA defines an ATDS as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Ninth Circuit has held that the definition of an ATDS is "clear and unambiguous" and therefore the Court's analysis "begins" and "ends" with the statutory text. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951, 953 (9th Cir. 2009).

The Textmunication platform used by Crunch to send the alleged texts does not involve use of an ATDS because it does not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator, nor can it dial such numbers. *See* Asefi Decl. ¶¶4-7. The platform cannot on its own generate

numbers in any way, and is merely a web-based software application that customers including Crunch use to send text messages to specific telephone numbers inputted into the system, not phone numbers that are randomly or sequentially generated. *See id.* Nor does it have the capacity to send text messages to random or sequentially generated numbers because a customer must create the message and specifically designate the phone number(s) to send the text message to, and the date and time the message will be sent. *See id.* In sum, the platform used to send the texts does not involve use of an ATDS, and any text message sent by Crunch using the Textmunication platform therefore cannot be deemed to violate the TCPA.

Plaintiff's allegation that the system used by Crunch "has the capacity to send text messages to cellular telephone numbers from a list of telephone numbers automatically and without human intervention" (Compl. ¶ 20), even if true, is immaterial and does not create a disputed issue as to whether an ATDS was used because it is based on nonbinding commentary by the Federal Communications Commission (FCC). Plaintiff attorneys in TCPA cases (including counsel of record in this case) have relied upon the *SoundBite* declaratory ruling where the FCC stated in a footnote that an ATDS "covers any equipment that has the specified *capacity* to generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, SoundBite Communications, Inc.*, CG Docket No. 02-278, 27 FCC Rcd. 15391, 15392 n.5 (Nov. 26, 2012) (italics in original). However, *SoundBite* involved the issue of "prior express consent," did not construe or apply the statutory definition of ATDS under 47 U.S.C. § 227(a)(1), and is not binding on this Court. Rather, *Satterfield*, which is controlling Ninth Circuit precedent, instructs that because the statutory definition of ATDS is "clear and unambiguous," deference to FCC guidance under *Chevron v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), would be inappropriate. *See Satterfield*, 569 F.3d at 951, 953 (stating that "'[the court's] inquiry begins with the statutory text, and ends there

as well if the text is unambiguous'" and where "Congress spoke clearly, we need not look to the FCC's interpretations"). Following *Satterfield*, the term ATDS cannot be construed to apply to any system simply because it can be set up to automatically send texts from a stored list of cell phone numbers, which is unsupported by the plain terms of the statute. *See* 47 U.S.C. § 227(b)(1)(A); *see also Dominguez v. Yahoo! Inc.*, __F. Supp. 2d__, 2014 WL 1096051, at *4-5 & n.6 (E.D. Pa. March 20, 2014) (relying on *Satterfield* in granting Yahoo summary judgment and stating that the statutory requirements of an ATDS "require more than simply that the system store telephone numbers and send messages to those numbers without human intervention").[2]

Accordingly, because the statutory definition of ATDS is "clear and unambiguous," and the platform used by Crunch does not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator, or to dial such numbers, the alleged texts were not sent using an ATDS and therefore are not actionable under the TCPA.

## IV. CONCLUSION

For the foregoing reasons, Crunch is entitled to summary judgment as a matter of law.

---

[2] *Dominguez* was decided after another district court in *Sherman v. Yahoo! Inc.* denied Yahoo summary judgment in part because the court found a disputed factual issue over whether Yahoo's system (which is proprietary and not the same platform used by Crunch) is an ATDS due to the plaintiff's expert declaration concluding that Yahoo's system has the capacity to "store cellular telephone numbers to be called" and to dial such numbers without human intervention. *See Sherman*, __F. Supp. 2d__, 2014 WL 369384, at *6-7 (S.D. Cal. Feb. 3, 2014). *Sherman*, however, was wrongly decided because it relied on FCC commentary in the *SoundBite* decision and the Ninth Circuit held in *Satterfield* that a court cannot "look to the FCC's interpretations" because the definition of ATDS is "clear and unambiguous" and therefore the Court's analysis "begins" and "ends" with the statutory text. *See Satterfield*, 569 F.3d at 951, 953. The court in *Dominguez* declined to follow the *Sherman* decision, which is currently subject to a motion for reconsideration. *See* Declaration of L. Chang ¶ 2-3. The plaintiff in *Dominguez* has also noticed an appeal to the Third Circuit. *Id.* ¶ 3.

| | | |
|---|---|---|
| 1 | DATED: April 24, 2014 | Respectfully submitted, |
| 2 | | GREENBERG TAURIG, LLP |

By /s/Ian C. Ballon
Ian C. Ballon
Attorneys for defendant,
Crunch San Diego, LLC
Email: ballon@gtlaw.com