**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Other Attorneys On Signature Page]

Attorneys for Plaintiff,
Jordan Marks

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN MARKS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CRUNCH SAN DIEGO, LLC,**<br><br>Defendant. | Case No: 14-cv-00348-BAS-BLM<br><br>**PLAINTIFF JORDAN MARKS' EX PARTE APPLICATION TO SEAL DOCUMENTS FILED IN CONNECTION WITH OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF JEFFREY HANSEN**<br><br>**Date:** October 27, 2014<br>**Judge**: Hon. Cynthia Bashant |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Chamber Rule 5 and Civil Local Rule 79.2, Plaintiff Jordon Marks ("Plaintiff") hereby moves ex parte for an order permitting Plaintiff to file under seal a confidential Expert Report prepared by Jeffrey A. Hansen ("Mr. Hansen") in the matter of *Mashiri v. Ocwen Loan Servicing, LLC*, and to file a redacted version of the Declaration of Jeffrey A. Hansen and the Memorandum of Points and Authorities in opposition to defendant Crunch San Diego, LLC's ("Defendants") motion to exclude expert opinion and testimony of Mr. Hansen. Defendant had indicated that it will oppose the request to file under seal the Expert Report in the *Mashiri* case.

## BACKGROUND

As part of discovery, Plaintiff's technology expert, Mr. Hansen, was ordered by Judge Major to produce (pursuant to the protective order in this case, *see* Dkt. No. 21) certain expert reports and declarations to Defendant, including an Expert Report in the matter of *Mashiri v. Ocwen Loan Servicing, LLC*, No. 12-cv-02838 (S.D. Cal.). Dkt. No. 35.  Mr. Hansen produced the Expert Report in the *Mashiri* case to Defendant in compliance with that order. *See* Declaration of Abbas Kazerounian ("Kazerounian Decl."), ¶ 6, filed concurrently.  The Expert Report for the *Mashiri* case is also believed to be subject to protective order in that case (Dkt. No. 47 in that matter). *See* Exhibit 1 to Kazerounian Decl. (stipulated protective order in the *Mashiri* case).

On September 19, 2014, Defendant filed a motion to exclude the opinions and testimony of Jeffrey A. Hansen (Dkt. No. 37).  In response to that motion, Plaintiff seeks to introduce a declaration from Mr. Hansen signed on October 9, 2014, which declaration contains, in minor part, confidential or proprietary information about automated dialers used by companies in others cases for which Mr. Hansen has served as a consultant or prepare an expert report or declaration. Plaintiff's brief in opposition to the motion to exclude Mr. Hansen's opinions and

testimony refers to and even quotes portions of such highly confidential or proprietary information in the Expert Report for the *Mashiri* case and Mr. Hansen's declaration.

Through this application for a sealing order, Plaintiff seeks to have this highly confidential or proprietary information sealed and, in some instances merely redacted, from the public versions of documents filed in support of the Plaintiff's brief in opposition to Defendant's motion to exclude the opinions and testimony of Mr. Hansen.

## **ARGUMENT**

While the public generally enjoys the right of access to court records, the public's right to access court records "is not absolute," and documents are properly filed under seal where disclosure would harm a party by forcing it to disclose trade secrets or other valuable confidential proprietary business information. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008). Courts must ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. *See also Bauer Bros. LLC v. Nike, Inc.*, No. 09-cv-500-WQH-BGS, 2012 WL1899838, at *3-4 (S.D. Cal. May 24, 2012) (granting motion to seal non-public financial data); *Davis v. Soc. Serv. Coordinators, Inc.*, No. 1:10-cv-023 72-LJO-SKO, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (noting that "[g]ood cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury").

When a party seeks to file documents under seal in connection with a dispositive motion, it must present a compelling reason to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, when the motion is not dispositive, a party need only show good cause. *Id*. at 1180. Here, the motion at issue is Defendant's motion to exclude the opinions and testimony of Mr. Hansen, not the motion for summary judgment, which Plaintiff believes means

1  that the motion is not dispositive (as the case could theoretically continue should
2  Mr. Hansen's expert testimony be exclude).  Therefore, the good cause standard
3  should apply.

4  　　　Plaintiff submits there is good cause to permit the filing of the Expert Report
5  in the *Mashiri* case under seal, as it is covered by the protective order in this case
6  (*see* Dkt. Nos. 21 and 35) and appears to be covered by the protective order in the
7  *Mashiri* case as well.  Plaintiff also believes there is good cause to file redacted
8  versions of documents (rather than filing them entirely under seal) referring and
9  even quoting highly confidential or proprietary business information in the Expert
10 Report and the declaration of Mr. Hansen to be submitted in opposition to the
11 motion to exclude testimony of Mr. Hansen.

12 　　　Specifically, the Expert Report in *Mashiri*, at p. 5, ¶ 11, contains Mr.
13 Hansen's expert opinions and testimony regarding the dialing equipment used by
14 the defendant in that case, which confidential information is not public knowledge
15 (and is subject to protective order). Also, the Plaintiff's Memorandum of Points
16 and Authorities in opposition to the motion to exclude Mr. Hansen's expert
17 testimony quotes a portion of the Expert Report in *Mashiri*, and refers to
18 confidential or proprietary information about the dialers in other cases as stated in
19 Mr. Hansen's declaration at ¶ 14, line 10.

20 　　　Therefore, Plaintiff submits there is good cause to file under seal the Expert
21 Report in the *Mashiri* case, and to file redacted versions of the declaration of Mr.
22 Hansen and the Plaintiff's Memorandum of Points and Authorities in opposition to
23 the motion to exclude Mr. Hansen's expert testimony. *See* Kazerounian Decl., ¶ 5.
24 ///
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

In conclusion, Plaintiff respectfully requests that the Court grant Plaintiff's ex parte application for a sealing order.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: October 10, 2014         By:/s/ Abbas Kazerounian
                                   Abbas Kazerounian
                                   *Attorneys for Plaintiff*

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
*Attorneys for Plaintiff*