# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN MARKS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CRUNCH SAN DIEGO, LLC,<br><br>　　　　　Defendant. | Case No. 14-cv-348 BAS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF 58)** |

　　On October 23, 2014, the Court ruled on Defendant Crunch San Diego, LLC's Motion for Summary Judgment, granting summary judgment against Plaintiff Jordan Marks and dismissing the case with prejudice. ECF 55. Plaintiff now moves for reconsideration of the Court's October 23, 2014 Order. ECF 58.

　　For the following reasons, the Court **DENIES** Plaintiff's motion.

## I.　ANALYSIS

　　Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or

amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir.

2007).

Plaintiff's amended request for reconsideration is raised under Federal Rule of Civil Procedure 59(e). However, Plaintiff provides no grounds for reconsideration beyond asserting that the Court erred. As such, reconsideration is clearly unwarranted. Accordingly, the motion for reconsideration is **DENIED**.

## II. CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** its motion in its entirety. ECF 58.

**IT IS SO ORDERED.**

Dated: November 20, 2014

_____
Hon. Cynthia Bashant
United States District Judge